# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**October 23, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

MICHAEL SHANE LEDFORD,    )
                                  )
       Plaintiff/Appellee,    )   Lawrence Chancery
                                  )   No. 7378-95
VS.                          )
                                  )   Appeal No.
PHYLLIS DIANNE LEDFORD,    )   01A01-9701-CH-00029
                                  )
       Defendant/Appellant.    )

APPEAL FROM THE CHANCERY COURT
FOR LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

For Plaintiff/Appellee:

Paul A. Bates
Christopher V. Sockwell
Boston, Bates, Holt & Sockwell
Lawrenceburg, Tennessee

For Defendant/Appellant:

R. Eddie Davidson
Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute over the destruction of property awarded to one of the spouses in a divorce case. Believing that his former wife was responsible for the damage to real and personal property he had received following the divorce, the former husband filed a petition in the Chancery Court for Lawrence County seeking to have his former wife held in contempt. During the contempt hearing, the trial court granted the former husband's motion to amend his petition to seek monetary damages and later awarded the former husband $6,000 in damages. The former wife asserts on this appeal that the trial court erred by permitting her former husband to amend his petition to seek damages and that the evidence does not support the damage award. We affirm the trial court.

## **I.**

In March 1996, Michael Shane Ledford and Phyllis Dianne Ledford[1] were divorced in the Chancery Court for Lawrence County. Mr. Ledford received the parties' house as part of the division of the marital property, but the divorce decree permitted Ms. Ledford to continue to occupy the house until the third week of May 1996. The parties agreed that Ms. Ledford would vacate the house on or around May 20, 1996.

Mr. Ledford discovered extensive damage to the house when he took possession from Ms. Ledford on May 21, 1996. Light fixtures and curtains had been removed; window screens had been removed, and windows broken; carpet had been torn; pieces of indoor and outdoor furniture had been damaged; pantry doors had been taken down; and a telephone jack had been yanked from the wall. Several of the rooms had been blatantly trashed. Mr. Ledford also discovered that certain items of personal property awarded to him in the divorce were missing, including a television and VCR, a heating stove, fishing poles and fishing tackle, a complement of tools that Mr. Ledford had been given by his father, some kitchen items, a step ladder, some bedding, and some building materials.

---

[1]Ms. Ledford remarried and is now Phyllis Dianne Rawdon.

On June 12, 1996, Mr. Ledford filed a petition in the Chancery Court for Lawrence County seeking to hold Ms. Ledford in contempt for "willful disobedience of the court's prior order." His petition requested that Ms. Ledford be made to appear and show cause why she should not be jailed or fined for contempt, and sought all proper general relief. Ms. Ledford opposed the petition.

The trial court held a hearing in the matter on August 13, 1996. Mr. Ledford presented evidence concerning the scope of the property damage and the value of missing or damaged property. When Ms. Ledford objected to the valuation evidence, Mr. Ledford moved to amend his petition to include a claim for money damages for the missing or damaged property. Following arguments from both parties, the trial court took the question under advisement and proceeded with the hearing. Thereafter, Ms. Ledford testified herself and offered other evidence concerning her estimation of the damaged and missing items.

On August 19, 1996, the court entered an order granting Mr. Ledford's motion to amend his petition and finding that Ms. Ledford had harassed Mr. Ledford in violation of the court's previous decree. After concluding that Ms. Ledford had intentionally damaged the former marital residence, the trial court awarded Mr. Ledford $6,000 in damages for the loss or destruction of his property. Ms. Ledford has appealed.

## II.

Before we turn to the two issues Ms. Ledford seeks to raise on this appeal, we must consider the content of the record on appeal. Our review of the issues presented on appeal is limited to the contents of the appellate record. With the exception of post-judgment facts, which are not applicable here, we must obtain our understanding of what transpired during the proceedings below from the record on appeal.

The appellant is required to supply this court with a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the bases for the appeal. *See* Tenn. R. App. P. 24(a); *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). Ordinarily, the appellate record contains a verbatim transcript of proceedings in the trial court. *See* Tenn. R. App. P. 24(b); however,

when a transcript is not available, Tenn. R. App. P. 24(c) permits the use of a statement of the evidence of the proceedings. The statement of the evidence must be approved by the trial court, *see* Tenn. R. App. P. 24(f), and once it is approved, it becomes the official record of the proceedings in the trial court for the purposes of the appeal.

The appellate record in this case consists of the papers filed with the trial court, the exhibits introduced by Mr. Ledford at the August 13, 1996 hearing, and Mr. Ledford's statement of the evidence that was approved by the trial court. These are the documents that comprise the factual universe on this appeal, and we must limit our consideration to these documents, notwithstanding the other factual representations appearing in the parties' briefs that have no support in the record.

## III.

Ms. Ledford's first assertion, as best we understand it, is that the trial court erred by awarding Mr. Ledford money damages for the damage or destruction of his property after it refused to grant his oral motion to amend his complaint to seek money damages.[2] The factual premise on which this assertion is based cannot be substantiated by the appellate record. If anything, the appellate record establishes that precisely the opposite occurred. Both the statement of the evidence and the final judgment state unambiguously that the trial court granted Mr. Ledford's motion to amend. Thus, the only conclusion that we can draw from the record is that the trial court granted Mr. Ledford's motion to amend to seek money damages.

Tenn. R. Civ. P. 15 reflects a broad policy favoring permitting parties to amend their pleadings. *See Branch v. Warren*, 527 S.W.2d 89, 91-92 (Tenn. 1975); *Winn v. Tucker Corp.*, 848 S.W.2d 64, 68 (Tenn. Ct. App. 1992). The policy is qualified only by considerations of fairness, and the courts, as a general rule, will grant motions to amend if the amendment does not unduly prejudice the opposing party's ability to go forward with an action or defense. *See Gardiner v. Word*, 731 S.W.2d 889, 891-92 (Tenn. 1987); *Campbell County Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 463 (Tenn. Ct. App. 1984). When the prejudice caused by an

---

[2]Ms. Ledford's brief states that "[c]ounsel for Mr. Ledford made an oral motion to amend for money damages to which the Court replied that no damages were prayed for, and that someone would 'either go to jail or pay a fine,' but inasmuch as no judgment was plead, there would be no such money damages."

amendment consists of inconvenience, surprise, or tactical disadvantage, the courts should, and generally will, grant the opposing party's request for a continuance. *See* Tenn. R. Civ. P. 15.02; *Gardiner v. Word*, 731 S.W.2d at 892-93; *Walden v. Wylie*, 645 S.W.2d 247, 250 (Tenn. Ct. App. 1982). Accordingly, parties who neglect to request a continuance to prepare to meet the evidence to be introduced under an amendment waive the right to complain about the amendment on appeal. *See Arcata Graphics Co. v. Heidelberg Harris, Inc.*, 874 S.W.2d 15, 22 (Tenn. Ct. App. 1993).

The record contains no indication that Ms. Ledford requested a continuance in order to marshal a response to Mr. Ledford's request for money damages. To the contrary, Ms. Ledford affirmatively countered Mr. Ledford's evidence on damages through her own testimony and by calling her own witnesses to testify about the damages and missing items. Based on the appellate record, no conclusion can be drawn other than that Ms. Ledford tried the damages issue by consent at the August 13, 1996 hearing. Accordingly, we find that the trial court did not commit reversible error by permitting Mr. Ledford to proceed with his claim for damages.

## IV.

As a back-up argument, Ms. Ledford asserts that the evidence does not support the trial court's damage award. Compensatory damage awards made by a trial court sitting without a jury are findings of fact. *See Armstrong v. Hickman County Hwy. Dep't*, 743 S.W.2d 189, 195 (Tenn. Ct. App. 1987). Accordingly, we review them de novo upon the record with a presumption that they are correct unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d).

The record contains exhibits and other evidence supporting Mr. Ledford's claim for damages. The evidence in the appellate record contains nothing contradicting in detail the amount of damages claimed by Mr. Ledford. The statement of the evidence merely recites that the court found "certain witnesses produced by Mrs. Ledford to be of benefit to the Court in establishing damages of $6,000.00 as contrasted to the higher value approximating $10,000.00 sought by Mr. Ledford." As we observed earlier in this opinion, our analysis of Ms. Ledford's issues has been restricted by the record before us. Ms. Ledford has the burden of demonstrating that the evidence in the record preponderates against the trial court's factual finding on damages. She has not carried that burden on this record.

Ms. Ledford's argument that the trial court could not use its contempt power to assess damages against her misses the point. The court properly allowed Mr. Ledford to amend his original contempt petition to recover monetary damages for the items broken or missing from the marital residence. The resulting money judgment is reasonably attributable to Mr. Ledford's added prayer for relief.

## V.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Phyllis Dianne Ledford and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD,
PRESIDING JUDGE , M.S.


_____
BEN H. CANTRELL, JUDGE